UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

VS    3:06cr457/LAC

ANGEL CANALES-REYES

ORDER SETTING TRIAL
AND OTHER PRE-TRIAL MATTERS

**A.    TRIAL AND VOIR DIRE PROCEDURE:**

1.    This case will be tried during the trial term commencing **MONDAY, FEBRUARY 5, 2007**, with jury selection to begin at **9:00 o'clock a.m.** on that date for all cases scheduled for trial during that term in **Pensacola, Florida**.

2.    Voir Dire examinations of jurors will be conducted by the Court.  If a party wishes to submit voir dire questions for the Court's consideration, the same must be in writing and filed with the Clerk of the Court at least seven (7) days prior to trial, with a copy to opposing counsel.  At the conclusion of the Court's voir dire examination, reasonable opportunity will be given for counsel to ask questions they believe should properly be asked because of answers given or other matters occurring during voir dire, not satisfactorily explained by the Court's inquiry.

3.    Jury Selection will be accomplished in the same manner specified to counsel prior to trial.  Ordinarily, the court will draw the panelists' names from the

Entered On Docket: _____  By: _____
Rules 58 & 79(a) FRCP or 32(d)(1) & 55 FRCRP
Copies mailed to:_____

Document No.

venire, prepare an ordered list of the panelists, and provide the list to counsel immediately before jury selection begins.  The jurors will then be selected in the following manner:  For the first jury selected, the court will start with the top name on the list of panelists and go down the list until the first jury is selected.  For the next and subsequent juries, if any, the same procedure will be used, commencing with the next name on the list following the last juror selected on the preceding jury.  When the last name on the list is reached, the next panelist considered will be the first unselected name on the list, and the same procedure will be repeated.  The method of selection of jurors will usually be in one of the following ways:

      a.     The panel, or a sufficient portion of the panel, will be examined, after which the attorneys will be given the opportunity to exercise their challenges as in paragraph (c), below, until all the jurors and alternates are selected;

      b.     The jury box will be filled and those prospective jurors examined, following which challenges may be exercised as in paragraph (c), below; those excused will be replaced and the new prospective jurors will be examined as before, and this process to be continued until all the jurors and alternates are selected;

      c.     The selection sequence may be done: (1) sequentially, in the order the prospective jurors are listed or seated, beginning with the Government, alternatively accepting or challenging each prospective juror until the selection has been completed; or (2) sequentially, by having the Government get the jury acceptable and tendering to defendant for acceptance or challenge, and repeating the procedure until the jury is acceptable to both the Government and defendant; or (3) concurrently, by having both the Government and defendant simultaneously, but independently, exercise their peremptory challenges on the panelists' list provided by the Court, with the first

appropriate number of unstruck names on the list to constitute the jurors and alternates in the case.

        d.      The Court will ordinarily consider and rule on challenges for cause after all the questioning has been completed, either prior to the selection under the method described in paragraph (a), or during the selection under the method described in paragraph (b).  Peremptory challenges for alternate jurors will be in accordance with Rule 24(c), Federal Rules of Criminal Procedure, unless the Court specifies otherwise.

        e.      Whatever method of jury selection is followed, no back-striking will be permitted.

    4.      Prior to jury selection, all parties shall advise the Court whether they will stipulate to completing the trial with less than twelve (12) jurors, in the event any jurors, after being sworn, become disabled or may have to be excused by the Court for any other good reason.

    5.      In accordance with Rule 30, Federal Rules of Criminal Procedure, requested jury instructions shall be filed, and copies furnished to the adverse parties and to the assigned law clerk, prior to the time that evidence is received at trial.  Upon good cause shown, supplemental requests for instructions may be submitted at any time prior to, or at, the close of the evidence.  It is the Court's policy to utilize the Pattern Jury Instructions of the Eleventh Circuit, and all requested instructions shall, if different from the pattern, identify the differences and provide a rationale for its utilization in lieu of the pattern.  If there is no Eleventh Circuit pattern instruction similar or analogous to the requested instruction, then the request shall so specify.  All requests for instructions shall be plainly marked with the name and number of the case;

shall contain citations of supporting authorities; shall designate the party submitting the same; and, in the case of multiple requests by a party, shall be numbered in sequence.

**B.     DISCOVERY AND INSPECTION:**

In order to eliminate the filing of unnecessary motions for discovery in this case, the defendant's attorney shall contact the Government's attorney and make a good faith attempt to have all properly discoverable information, documents, or material disclosed or provided for inspection or copying.  In addition:

1.     Any request for disclosure of evidence, information, or discovery under Rule 16, Federal Rules of Criminal Procedure, by the defendant shall be made no later than five (5) working days following the date of this order with, in such event, the information, evidence, or discovery so requested to be provided the defendant within five (5) working days after the receipt of the request.  If the defendant requests disclosure under Rules 16(a)(1)(C) or (D), Federal Rules of Criminal Procedure, the Government shall make request of defendant under Rules 16(b)(1)(A) and (B), Federal Rules of Criminal Procedure, within two (2) working days after receipt of defendant's request, with the information, evidence, or discovery so requested to be provided the Government by the defendant within five (5) working days after receipt of request.

2.     Counsel for the defendant (or the defendant, if not represented by counsel) and counsel for the Government shall agree on the time, place, and manner of the disclosure of such evidence, information, and discovery, and of any inspection and copying or photographing required.  The parties' attention is directed to Rules 16 (c), (d), and (e), Federal Rules of Criminal Procedure.

3.     As used in this order, working days include all days **except** Saturdays, Sundays, and Federal legal holidays.

**C.    BRADY MATTERS:**

The United States Attorney shall disclose any evidence favorable to this defendant on the issues of guilt or innocence without regard to materiality. The defendant or his attorney shall be provided such evidence promptly after the United States Attorney acquires knowledge thereof. See <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

**D.    NOTICE OF ALIBI, OF DEFENSE BASED UPON MENTAL CONDITION, AND OF DEFENSE OF ENTRAPMENT:**

The parties' attention is directed to Rules 12.1 and 12.2, Federal Rules of Criminal Procedure. Additionally, any defendant intending to raise the defense of entrapment shall disclose such intention to counsel for the Government prior to trial. See <u>United States v. Webster</u>, 649 F.2d 346 (5th Cir. 1981).

**E.    MOTIONS BEFORE TRIAL:**

All pretrial motions permitted or required under the Federal Rules of Criminal Procedure shall be filed no later than ten (10) days after the date of this order, unless a different time is prescribed by the Federal Rules of Criminal Procedure, an Act of Congress, the Local Rules of this Court.

**F.    MOTIONS GENERALLY:**

1.    Motions shall be accompanied by a written statement certifying that counsel for the moving party (or the moving party if not represented by counsel) has conferred with opposing counsel or party, as the case may be, in an effort in good faith to resolve by agreement the subject matter of any motion, but has not been able to do so. In addition, the written statement shall specify the information that has been made available to opposing counsel or parties in lieu of filing of the motion.

2. All motions which require evidentiary support shall be accompanied by a signed statement of the facts relied upon for the motion.

3. Attention is directed particularly to N.D. Fla. Loc. R. 6 and 7.

**G.  PLEA BARGAINING:**

No plea bargaining agreement permitted by this Court will be approved unless agreement is effected on or before **Friday, January 26, 2007**, with such plea or pleas to be presented to the court for its action at re-arraignment not later than **Thursday, February 1, 2007**, in **Pensacola, Florida**.

**H.  EXHIBITS:**

All exhibits shall be pre-marked by counsel or the parties prior to trial.

**I.  CONTINUING NATURE OF THIS ORDER:**

This order, to the extent that it applies to the matters referred to herein, is continuing in nature and through trial.

DONE and ORDERED this 18th day of December, 2006.

*s/L.A. Collier*
LACEY A. COLLIER
SENIOR UNITED STATES DISTRICT JUDGE